# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBIN SERRATO,<br><br>    Petitioner,<br><br>v.<br><br>STEVEN LAKE, Warden,<br><br>    Respondent. | Case No. 1:18-cv-01409-SKO (HC)<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br><br>[NO CERTIFICATE OF APPEALABILITY REQUIRED] |

    Petitioner is currently in the custody of the Bureau of Prisons ("BOP") at the United States Penitentiary in Atwater, California. He challenges a disciplinary hearing in which he was found guilty of violating BOP Code 113 for possession of illicit drugs in a prison facility, and for which he was sanctioned with a 41 day loss of Good Conduct Time credits ("GCT"), forfeiture of 365 days of non-vested GCT, 30 days segregation, fine of $500, and 18 months loss of phone and visiting privileges. (Doc. 14-1 at 18-20.)

    Petitioner claims the evidence was insufficient (Claim One), the sanctions were arbitrary and capricious (Claim Two), and exculpatory evidence was withheld (Claim Three). Respondent contends the claims are unexhausted and that the claims fail on the merits. For the reasons set

forth below, the petition must be **DENIED**.[1]

I. <u>**BACKGROUND**</u>

In 2008, Petitioner was convicted of conspiracy to distribute a controlled substance, methamphetamine, in violation of 28 U.S.C. §§ 846, 841(a)(1), (b)(1)(A) in the United States District Court for the District of Utah. <u>United States v. Serrato</u>, 638 Fed.Appx. 726, 727 (10th Cir. 2016). He was sentenced initially to a term of 199 months, but the term was reduced to 188 months based on Amendment 782 to the Sentencing Guidelines. <u>Id</u>.

On October 27, 2016, in unit 3A at USP-Atwater, Officer Guldin conducted a search of the cell assigned to Petitioner and Inmate Dexter Deleon. (Doc. 14-1 at 21.) Officer Guldin discovered a piece of white paper soaked with an unknown substance. (Doc. 14-1 at 21.) On October 28, 2016, SIS Technician D. Trojan tested the paper with NIK test kit A, and it tested positive for narcotics. (Doc. 14-1 at 21.) Technician Trojan then tested the paper with NIK test kit U, which identified the substance as amphetamine. (Doc. 14-1 at 21.)

On December 12, 2016, a disciplinary hearing was conducted during which Petitioner made a voluntary confession, stating, "I am taking full responsibility for the narcotics." (Doc. 14-1 at 18.) Petitioner did not provide any witnesses or evidence. The disciplinary hearing officer ("DHO") relied on the incident report, the test results, Petitioner's inculpatory statement, and photographs of the contraband in concluding that Petitioner was guilty of possessing amphetamine. (Doc. 14-1 at 19.) The DHO sanctioned Petitioner with a 41-day loss of Good Conduct Time credits ("GCT"), 365-day forfeiture of non-vested GCT, 30 days segregation, fine of $500, and 18 months loss of phone and visiting privileges. (Doc. 14-1 at 18-20.)

Petitioner administratively appealed the decision to the Regional Director at the Northeast Regional Office on December 29, 2016. (Doc. 14-1 at 5.) The appeal was denied on January 27, 2017. (Doc. 14-1 at 5.) Petitioner then appealed to the Office of General Counsel on February 17, 2017. (Doc. 14-1 at 5.) The appeal was rejected on procedural grounds with instructions that Petitioner resubmit the appeal on the proper form within 15 days. (Doc. 14-1 at 5.) Petitioner's

---

[1] The parties have consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c).

subsequent appeals were rejected as untimely, served on the wrong office, or as incomplete. (Doc. 14-1 at 5.)

On October 12, 2018, Petitioner filed a federal petition for writ of habeas corpus in this Court. (Doc. 1.) On April 30, 2019, Respondent filed a response to the petition. (Doc. 14.) Petitioner filed a reply to Respondent's response on May 13, 2019. (Doc. 15.)

## II. DISCUSSION

### A. Jurisdiction

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. See, e.g., Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991). To receive relief under 28 U.S.C. § 2241 a petitioner in federal custody must show that his sentence is being executed in an illegal, but not necessarily unconstitutional, manner. See, e.g., Clark v. Floyd, 80 F.3d 371, 372, 374 (9th Cir. 1995) (contending time spent in state custody should be credited toward federal custody); Jalili, 925 F.2d at 893-94 (asserting petitioner should be housed at a community treatment center); Barden, 921 F.2d at 479 (arguing Bureau of Prisons erred in determining whether petitioner could receive credit for time spent in state custody); Brown, 610 F.2d at 677 (challenging content of inaccurate pre-sentence report used to deny parole).

In this case, Petitioner challenges the execution of his sentence. Therefore, the Court has jurisdiction to consider the petition pursuant to 28 U.S.C. § 2241.

### B. Venue

A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian. Brown, 610 F.2d at 677. Petitioner is in the custody of the Bureau of Prisons at USP-Atwater, which is located within the jurisdiction

of this Court. 28 U.S.C. §§ 2254(a); 2241(d). Therefore, venue is proper in this Court.

**C. Exhaustion**

Before filing a petition for writ of habeas corpus, a federal prisoner challenging any circumstance of imprisonment must first exhaust all administrative remedies. Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984); Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983). The requirement that federal prisoners exhaust administrative remedies before filing a habeas corpus petition was judicially created; it is not a statutory requirement. Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990). Thus, "because exhaustion is not required by statute, it is not jurisdictional." Id. If Petitioner has not properly exhausted his claims, the district court, in its discretion, may either "excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court." Id.

The first step in seeking administrative remedies is a request for informal resolution. 28 C.F.R. § 542.13. When informal resolution procedures fail to achieve sufficient results, the BOP makes available to inmates a formal three-level administrative remedy process: (1) a Request for Administrative Remedy ("BP-9") filed at the institution where the inmate is incarcerated; (2) a Regional Administrative Remedy Appeal ("BP-10") filed at the Regional Office for the geographic region in which the inmate's institution is located; and (3) a Central Office Administrative Remedy Appeal ("BP-11") filed with the Office of General Counsel. 28 C.F.R. § 542.10 et seq.

According to the petition and attached documents, Petitioner properly exhausted his claims at the regional level. He then filed an appeal at the Office of General Counsel, but the appeal was rejected on procedural grounds with instruction to resubmit on the proper form. Petitioner never completed the appellate process. Petitioner faults the Office of General Counsel for the failure to exhaust, but it is apparent the claims have not been administratively exhausted. Regardless of the failure to exhaust, as discussed below, the petition is meritless.

**D. Review of Petition**

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be

diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell, 418 U.S. 539, 555 (1974). Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings. Id. at 556. Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989) (citing Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454-455 (1984)).

When a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive the following procedural guarantees: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an impartial hearing body; (3) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (4) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567. Petitioner does not dispute that he received all procedural due process guarantees.

Nevertheless, Petitioner asserts that the evidence was insufficient to support the guilty finding. In Hill, the Supreme Court held that "the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits." Further, "[a]scertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 455-56. In this case, there was certainly more than some evidence to support the decision. The paper that was discovered in the cell search tested positively for amphetamine utilizing NIK test kits A and U. At the hearing, Petitioner admitted responsibility for the narcotics. His claim of insufficient evidence is meritless.

Petitioner also claims there was an insufficient quantity of drugs to warrant a guilty finding. As Respondent correctly contends, there is no specific drug amount required to find an inmate guilty of possessing illicit substances under BOP Code 113. It is sufficient that the substance

discovered on the paper tested positively for amphetamine. In addition, there is no basis for Petitioner's argument that exculpatory evidence was withheld.

Petitioner also complains that the sanctions imposed were arbitrary and capricious. BOP Code 113 is considered a "greatest severity level prohibited act." 28 C.F.R. § 541.3. The available sanctions for a greatest severity level prohibited act is as follows:

> B. Forfeit and/or withhold earned statutory good time or non-vested good conduct time (up to 100%) and/or terminate or disallow extra good time (an extra good time or good conduct time sanction may not be suspended).
>
> B.1 Disallow ordinarily between 50% and 75% (27-41 days) of good conduct time credit available for year (a good conduct time sanction may not be suspended).

28 C.F.R. § 541.3, Table 1. Petitioner lost 365 days of non-vested good conduct time under Section B and 41 days of good conduct time under B.1. Respondent is correct that the sanctions were properly within the guidelines.

Accordingly, Petitioner fails to demonstrate that his due process rights were violated. Wolff, 418 U.S. at 564. The petition must be denied.

### III. **ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The Petition for a Writ of Habeas Corpus is DENIED WITH PREJUDICE;
2) The Clerk of Court is DIRECTED to enter judgment and close the case; and
3) As this petition is filed pursuant to 28 U.S.C. § 2241 and does not concern the underlying conviction, a certificate of appealability is not required. Forde v. U.S. Parole Comm'n, 114 F.3d 878, 879 (9th Cir.1997).

IT IS SO ORDERED.

Dated: **May 29, 2019**              /s/ *Sheila K. Oberto*
                                       UNITED STATES MAGISTRATE JUDGE